# No. 13-3958

# IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA

Appellee-Respondent,

v.

CARLOS CEGLEDI,

Appellant-Petitioner.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HONORABLE SYLVIA H. RHAMBO
Case 1:08-cr-00218-SHR

---

Petition for Panel Rehearing and Rehearing En Banc Under Fed. R. App. P. 35(b) and 40(a)

---

CARLOS CEGLEDI,
Apellant-Petitioner,
Pro se
Fed. Reg.No: 16086-067
SCI-Allenwood-Low
P.O. Box 1000
White Deer, PA 17887-1000

# No. 13-3958

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Respondent-Appellant, | )<br>)<br>)<br>) |
| Vs. | )<br>)<br>) |
| | )<br>) |
| CARLOS CEGLEDI<br>    Petitioner-Appellee. | )<br>): |

---

**Petition for Panel Rehearing and Rehearing En Banc
Under Fed. R. App. P. 35(b) and 40(a)**

---

COMES NOW, Petitioner-Appellee, Carlos Cegledi, acting in pro se status in the above styled and entitled cause of action, who respectfully requests the granting of the instant Petition for Panel Rehearing and Rehearing <u>En Banc</u> Under Fed. R. App. P. 35(b) and 40(a).

In support of this petition, Cegledi represents the following:

The proceeding involves a question of exceptional importance:

A. Whether or not Mr. Cegledi was deprived of his Constitutional rights under

1

the Sixth Amendment to the United States Constitution.

B. Whether or not Mr. Cegledi was deprived of Due Process under The Fifth and Fourteenth Amendments to the United States Constitution. Due Process

C. Whether or not there is a Fundamental Error reflected in the Conviction, and Sentence of Carlos Cegledi based on the improper instructions to the jury. The instructions set the framework of the Jury's decision. And Whether or not the 234 Month Sentence Mr. Cegledi is serving is as direct result of the Constitutional deprivations he suffered.

Facts and Procedural History

In 2009, Cegledi was tried on drug trafficking charges
During the trial, the Government relied heavily on the testimony of
Antonio Pagan Pagan admitted that he (1) h ad pleaded guilty to drug charges stemming from an April 2008 arrest; (2) was cooperating with the Government; and (3) was awaiting sentencing. On cross examination, Cegledi's counsel Guillermo Bosch also asked about Pagan's cooperation with the Government and Pagan again testified that he pleaded guilty to drug charges and was awaiting sentencing.

In light of Pagan's cooperation, the District Court provided the following
Standard instructions to the jury:

Now you have heard evidence that Antonio Pagan has an
Arrangement with the Government under which the Government will speak
on his behalf at his sentencing in exchange for his providing information to
the Government. Antonio Pagan's testimony was received in evidence and
may be considered by you.

The Government is permitted to present the testimony of someone

who may benefit during the individual sentencing for providing information to the Government. But you should consider the testimony of Antonio Pagan with great care and caution. In evaluating Antonio Pagan's testimony, you should consider this factor along with the others I have called to your attention.

You may give such testimony such weight as you think it deserves. It is for you to determine whether or not Antonio Pagan's information or testimony may have been influenced by his arrangement with the Government. You have heard evidence that Antonio Pagan, a witness, was previously convicted of a crime punishable by more than one year in jail. You may consider this evidence along with other pertinent evidence in deciding whether or not you believe Antonio Pagan and how much weight to give his testimony.App. 244. The Government then asked for a sidebar and argued to the Court that, while Pagan had pleaded guilty, he was not yet convicted. The Court subsequently corrected itself in front of the jury, stating: "I gave you a charge on impeachment of a witness with a prior conviction. Antonio Pagan does not have a prior conviction, and that has been removed from the charge." App. 268.

Attorney Bosch didn't object to the retraction, though he did state at sidebar that "I think it has to be said he has pleaded guilty." The jury convicted Cegledi on three of four counts, and the Court sentenced him to 234 months' imprisonment, Cegledi appealed, but his conviction and sentence were affirmed. United States v. Cegledi, 441 F. App'x 870 (3d Cir. 2011).

I

In December 2012, Cegledi filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court denied that motion and Cegledi's motion for reconsideration. Cegledi timely appealed.

3

On appeal, Cegledi argued that his trial counsel, Bosch, provided ineffective assistance by failing to object to the jury charge retraction and by failing to raise that issue on direct appeal. The Government responds that Cegledi's claim is time barred and fails on the merits. In assessing ineffective assistance claims, we apply the familiar two part cause and prejudice test of Strickland v. Washington, 466 U.S. 668, 688 (1984).

The Courts review of the record opined their conclusion that Cegledi was not prejudiced by the allegations of counsel's deficient performance. In light of their conclusion, they did not feel the need to address either the Government's timeliness argument or the deficiency prong of Cegledi's Strickland claim. See id. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.

Cegledi submits that Defense Counsel failed to investigate many characteristics of the case, and failed to act as an advocate on his behalf. In addition, he contends Defense Counsel failed to launch the proper objections regarding the instructions to the jury thereby preserving it for appeal. Defendant, a pro se litigant comes to the court in need of adequate counsel as guaranteed by the Constitution . The transcripts reflect the inadequacy of Counsel .

Cegledi contends that his conviction and sentence overall is as a direct result of multiple deficiencies on the part of counsel.

## Reasons for Granting Rehearing

The Court of Appeals should reconsider its opinion in *Cegledi* because the proceeding involves a question of exceptional importance.

The District Court's decision denying the 2255 motion in conjunction with the decision of the court of Appeals is based on what is reflective of a Fundamental error.

The Fundamental "error which goes to the foundation of the case or goes to the merits of the cause of action." The appellate courts, however, have been cautioned to exercise their discretion concerning fundamental error "very guardedly." ... [T]he doctrine of fundamental error should be applied in this cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.

a) Cegledi I - The Court's acceptance of the Government's incorrect version of the applicable federal law created a plain error at trial which prejudiced Cegledi by violating his right to due process and fair trial when the trial court relied on that incorrect version of applicable federal law and removed the proper instruction to the jury on how to utilize Antonio Pagan's (Government's witness) prior conviction as a factor in deciding his credibility.

b) Cegledi II - The Government knowingly used false testimony to obtain a conviction and thereby violated Cegledi's due process rights.

(c) Cegledi III- Trial counsel was ineffective for allowing the Court's plain error to go unchallenged during trial and direct appeal.

Ceglidi contends Fundamental error is that which undermines the trial's legality such that the guilty verdict could not have been obtained without the error. Such an error must "so permeate the proceeding as to convert it into a 'mere pretense of a trial' [or] ... strike at the fundamental legality of the trial itself.

Cegledi submits that this is what occurred during the proceedings in the instructions to the jury.

"[T]he error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." In other words, "fundamental error occurs only when the omission is pertinent or material to what the jury must consider in order to convict.

Based on the errors in the proceedings, Cegledi cannot be perceived to have enjoyed the Due Processes and Constitutional rights guaranteed to all citizens. Case Law is replete with remands pursuant to improper jury instruction; see: GROSS V. FBL FIN. SERVS., INC., 557 U.S. 167 (2009). The jury returned a verdict for Gross. The Eighth Circuit reversed and remanded for a new trial, holding that the jury had been incorrectly instructed under the standard ... In UNITED STATES V. LANE, 474 U.S. 438 (1986), The Court of Appeals reversed and remanded for new trials, holding ... requires retrial only if the misjoinder results in actual prejudice because it "had substantial and injurious effect or influence in determining the jury's verdict."

Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964) In 'It is a basic premise of our jury system that the court states the law to the jury and that the jury applies that law to the facts as the jury finds them. Unless we proceed on the basis that the jury will follow the court's instructions where those instructions are clear and the circumstances are such that the jury can reasonably be expected to follow them, the jury system makes little sense.

Based on faith that the jury will endeavor to follow the court's instructions, our system of jury trial has produced one of the most valuable and practical mechanisms in human experience for dispensing substantial justice.' Id., 352 U.S. at 242, 77 S.Ct. at 300.

## THE INEFFECTIVE PERFORMANCE OF COUNSEL

Counsel ineffective for failing to object... Remand , United States v. Otero, 502 F.3d 331

6

(3rd Cir. 2007), <u>Miller v. Martin</u>, 481 F.3d 468 (7th Cir. 2007); <u>Alaniz v. United States</u>, 351 F.3d 365 (8th Cir. 2003). Trial and appellate counsel were ineffective for failing to object; <u>United States v. Conley</u>, 349 F.3d 837 (5th Cir. 2003). Trial and appellate counsel were ineffective; <u>Wynters v. Poole</u>, 464 F. Supp. 2d 167 (W.D.N.Y. 2006).

Under AEDPA review for pro se petitioner, counsel ineffective in first degree rape case for failing to object  The principles governing ineffectiveness claims should apply in

federal collateral proceedings as they do on direct appeal or in motions for a new trial. As indicated by the "cause and prejudice" test for overcoming procedural waivers of claims of error, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment. See United States v. Frady, 456 U.S. 152, 162-169, 102 S.Ct. 1584, 1591-1595, 71 L.Ed.2d 816 (1982); Engle v. Isaac, 456 U.S. 107, 126-129, 102 S.Ct. 1558, 1570-1572, 71 L.Ed.2d 783 (1982).

An ineffectiveness claim, however, as our articulation of the standards that govern decision of such claims makes clear, is an attack on the fundamental fairness of the proceeding whose result is challenged. Since fundamental fairness is the central concern of the writ of habeas corpus, see id., at 126, 102 S.Ct., at 1570, no special standards ought to apply to ineffectiveness claims made in habeas proceedings <u>People v. Montgomery</u>, 141 Ill.App.3d 428, 490 N.E.2d 206, 95 Ill.Dec. 733 (1986). Here, a brief summary should suffice.

COUNSEL'S FAILDE TO PROPERLY PRESERVE THE RECORD FOR APPEAL

Counsel erred, was deficient in his role and did not act as an adversary on behalf of g Cegledi. in order to obtain appellate review of an error, it is necessary to make a proper objection or motion on the record of the trial court.

Trial counsel is charged with the task of lodging objections that will immediately correct any error at trial, and – if not – preserve the record for review. Providing all bases for the objection preserves the client's right to pursue the broadest level of review, to which he is

7

entitled, including jury instructions. An error, plainly evident from the record but not properly, complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

Court explained in United States v. Loughery, 908 F.2d 1014 (D.C. Cir. 1990), in the ineffective assistance context [t]he proper measure of an attorney's performance is "reasonableness under prevailing professional norms." "Prevailing norms of practice," such as those reflected in the ABA Standards, may inform our determination of what is reasonable. Id. at 1018 (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)) (internal citations omitted).

The prevailing norms of the legal profession—like those of other professions—are facts. See, e.g., Williams v. Callahan, 938 F. Supp. 46, 50 (D.D.C. 1996) (claim for legal malpractice based upon ineffective assistance of criminal trial counsel "require[s] the testimony of an expert witness" to establish standard of care for trier of fact); Int'l Tele-Marine Corp. v. Malone & Assocs., Inc., 845 F. Supp. 1427, 1434 (D. Colo. 1994) ("whether an attorney exercised a reasonable degree of care or skill in representing its [sic] client is a question of fact"). See also Leighton Decl. ¶ 71. Nevertheless, Judge Johnson ruled that the norms of the legal profession are not facts, and that a prisoner's lack of knowledge of such norms has no bearing on whether the prisoner knows the facts supporting a claim of ineffective assistance, Pollard, 161 F. Supp. 2d at 10.

A prisoner who does not know that the attorney deviated from norms of the legal profession lacks knowledge of facts necessary to assert a claim of ineffective assistance. For example, a defendant may be present in the courtroom while his attorney fails to do certain things (e.g., fails to object to a breach of a plea agreement). Frequently, the defendant will be oblivious to that failing, and will remain oblivious until he becomes aware of the fact that the attorney had a duty to perform these tasks.

8

The Supreme Court has observed that "[a] layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance; consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case." Kimmelman v. Morrison., 477 U.S. 365, 378 (1986) (emphasis added) (internal citation omitted). See also Nell v. James,, 811 F.2d 100, 105 (2d Cir. 1987) (where counsel had failed to tell the court at suppression hearing that defendant resided in premises and therefore had standing to challenge search, defendant's lack of recognition that counsel had acted ineffectively "is a credible explanation for his failure to present the [ineffective assistance] claim earlier"); Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998) ("The factual predicate of [prisoner's] claim [was] the fact that he was called to testify and did not know," because trial counsel had not informed him, that "he had the right to refuse" to testify; AEDPA's statute began to run when prisoner learned both facts).

Once made aware of the attorney's duties, the defendant has actual knowledge of the facts, and can assert a claim of ineffective assistance. See: United States v. Smith, 101 F. Supp. 2d 332, 347 (W.D. Pa. 2000) (defendant was oblivious to counsel's duty to request adjournment of sentencing; only when he learned that fact years later did AEDPA's statute of limitations begin to run.

But for the cumulative errors of Counsel, the outcome of Trial and Sentencing may have been different.

THEREFORE, for all the foregoing reasons, petitioner respectfully requests that this Court grant the instant Petition for Panel Rehearing and Rehearing En Banc.

Respectfully Submitted,

this 20 day of Nov 2015

_____
Carlos Cegledi
Petitioner-Appellant, pro se
16086-067
SCI-Allenwood-Low
P.O. Box 1000
White Deer, PA 17887-1000

I, Carlos Cegledi , Fed. Reg. No: 16086-067G do hereby certify, that this document was given to prison officials on the 20 day of November, 2015, for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. Sec. 1746.

Carlos Cegledi
Petitioner-Appellant, pro se
16086-067
SCI-Allenwood-Low
P.O. Box 1000
White Deer, PA 17887-1000

CIRCUIT RULES 35-4(a) AND 40-1(a)

FOR CASE NO. No. 13-3958

This brief complies with the type-volume limitation of Fed. R. App. P. 35(b)(2) and Circuit Rule 40-1 because this brief contains no more than 15 pages, excluding the parts of the brief exempted by Fed. R. App. P. 32.

Dated: this 20 day of November, 2015

Respectfully Submitted,

_____
Carlos Cegledi
Petitioner-Appellant, pro se
16086-067
SCI-Allenwood-Low
P.O. Box 1000
White Deer, PA 17887-1000

No. 13- 3958

United States of America v. Carlos Cegledi

CERTIFICATE OF INTERESTED PERSONS

The persons listed below are interested in the outcome of this case:

Christy H. Fawcett
Assistant U.S. Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108

Carlos Cegledi,
16086-067
Petitioner-Appellant, pro se
SCI-Allenwood-Low
P.O. Box 1000
White Deer, PA 17887-1000

View Case    Cited Cases    Citing Case

## U.S. v. CEGLEDI

NO. 13-3958.

**UNITED STATES OF AMERICA, v. CARLOS CEGLEDI, Appellant.**

United States Court of Appeals, Third Circuit.
Filed: July 21, 2015.

Mary Hancock, Esq., Argued Kristin L. Hravnak, Esq. Argued Adrian N. Roe, Esq.. Duquesne University School of Law, 600 Forbes Avenue, Pittsburgh, PA 15282, Counsel for Appellant.

Stephen R. Cerutti, II, Esq. Argued Christy H. Fawcett, Esq., Office of United States Attorney, 228 Walnut Street, P.O. Box 11754, 220 Federal Building and Courthouse, Harrisburg, PA 17108, Counsel for Appellee.

Before: FISHER, HARDIMAN and ROTH, Circuit Judges.

**NOT PRECEDENTIAL**

**OPINION:**

**HARDIMAN,** *Circuit Judge.*

Carlos Cegledi appeals the District Court's order denying his motion under 28 U.S.C. § 2255. We will affirm.

I

In 2009, Cegledi was tried on drug trafficking charges. During the trial, the Government relied heavily on the testimony of Antonio Pagan. Pagan admitted that he: (1) had pleaded guilty to drug charges stemming from an April 2008 arrest; (2) was cooperating with the Government; and (3) was awaiting sentencing. On cross-examination, Cegledi's counsel, Guillermo Bosch, also asked about Pagan's cooperation with the Government, and Pagan again testified that he pleaded guilty to drug charges and was awaiting sentencing.

In light of Pagan's cooperation, the District Court provided the following standard instructions to the jury:

> Now you have heard evidence that Antonio Pagan has an arrangement with the Government under which the Government will speak on his behalf at his sentencing in exchange for his providing information to the Government. Antonio Pagan's testimony was received in evidence and may be considered by you.
>
> The Government is permitted to present the testimony of someone who may benefit during the individual sentencing for providing information to the Government. But you should consider the testimony of Antonio Pagan with great care and caution. In evaluating Antonio Pagan's testimony, you should consider this factor along with the others I have called to your attention.
>
> You may give such testimony such weight as you think it deserves. It is for you to determine whether or not Antonio Pagan's information or testimony may have been influenced by his arrangement with the Government. You have heard evidence that Antonio Pagan, a witness, was previously convicted of a crime punishable by more than one year in jail. You may consider this evidence along with other pertinent evidence in deciding whether or not you believe Antonio Pagan and how much weight to give his testimony.

App. 244. The Government then asked for a sidebar and argued to the Court that, while Pagan had pleaded guilty, he was not yet convicted. The Court subsequently corrected itself in front of the jury, stating: "I gave you a charge on impeachment of a witness with a prior conviction. Antonio Pagan does not have a prior conviction, and that has been removed from the charge." App. 268. Attorney Bosch didn't object to the retraction, though he did state at sidebar that "I think it has to be said he has pleaded guilty."

The jury convicted Cegledi on three of four counts, and the Court sentenced him to 234 months' imprisonment. Cegledi appealed, but his conviction and sentence were affirmed. *United States v. Cegledi,* 441 F. App'x 870 (3d Cir. 2011). In December 2012, Cegledi filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court denied that motion and Cegledi's motion for reconsideration. Cegledi timely appealed.[1]

II

In this appeal, Cegledi argues that his trial counsel, Bosch, provided ineffective assistance by failing to object to the jury charge retraction and by failing to raise that issue on direct appeal. The Government responds that Cegledi's claim is time-barred and fails on the merits. In assessing ineffective assistance claims, we apply the familiar two-part cause and prejudice test of *Strickland v. Washington,* 466 U.S. 668, 688 (1984).

Our review of the record leads us to conclude that Cegledi was not prejudiced by counsel's allegedly deficient performance. In light of that conclusion, we need not address either the Government's timeliness argument or the deficiency prong of Cegledi's *Strickland* claim. *See id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice [prong.]").

In order to show prejudice under *Strickland,* "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bui,* 769 F.3d 831, 834-35 (3d Cir. 2014) (internal quotation marks and citations omitted). The prejudice analysis is slightly different where the alleged deficient performance results from counsel's failure to raise an issue for appellate review: "The test for prejudice under *Strickland* is not whether petitioners would likely prevail upon remand, but whether we would have likely reversed and ordered a remand had the issue been raised on direct appeal." *United States v. Mannino,* 212 F.3d 835, 844 (3d Cir. 2000).

Cegledi argues that Antonio Pagan was such an important witness that a seemingly minor distinction like referring to Pagan's guilty plea rather than conviction is enough to undermine confidence in the outcome. He also claims that because the retraction came after the original jury charge, both the original charge about Pagan's motivation to lie and Pagan's testimony about his guilty plea on direct and cross-examination were effectively nullified.

"The ultimate issue under [the *Strickland* prejudice] test reduces to determining what effect, if any, the erroneous instruction had on the jury's verdict." *Whitney v. Horn,* 280 F.3d 240, 258 (3d Cir. 2002). The Court's original jury instruction concerning Pagan was 191 words. The much shorter retraction essentially deleted the last two sentences of the original charge that related to Pagan, thus leaving the bulk of the original instruction intact. In what remained, the Court explained Pagan's arrangement with the Government, warned the jury to use "great care and caution" when considering Pagan's testimony, and expressly noted that Pagan's testimony "may have been influenced by his arrangement with the Government." Regardless of whether Pagan was convicted or merely pleaded guilty and was awaiting sentencing, the jury was well aware that Pagan had an incentive to testify in a way that was favorable to the prosecution. Cegledi's insistence that the word

"conviction" was essential and that the Court's terse retraction vitiated the lengthy and detailed original instruction is unreasonable. "[J]urors are presumed to follow the instructions given [to] them by the court." *Glenn v. Wynder,* 743 F.3d 402, 407 (3d Cir. 2014). Accordingly, we decline Cegledi's invitation to assume that the jury considered only the two-line retraction and disregarded everything else they were told by the Court about Pagan's testimony.

In light of the multiple references to Pagan's guilty plea during trial and the District Court's jury charge explaining his deal with the Government, there is no reasonable probability that the result would have been different had Bosch objected to the retraction. Nor is it likely that we would have reversed and remanded if Bosch had raised the argument on appeal. Accordingly, Cegledi suffered no prejudice under *Strickland,* so we will affirm the order of the District Court.[2]

**FootNotes**

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1. The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231 and U.S.C. § 2255. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

Our review of a § 2255 ruling is plenary with regard to legal conclusions, while we apply the clearly erroneous standard to factual findings. *United States v. Travillion,* 759 F.3d 281, 289 (3d Cir. 2014).

2. The Court acknowledges the pro bono counsel provided to Mr. Cegledi in this appeal by the Duquesne University School of Law Federal Litigation Clinic and thanks student advocates, Mary Hancock and Kristin L. Hravnak, for their skillful advocacy.

Comment

Name: Your Name
Email: Your Email Address
Comment: Your Comments on this Decision    1000 Characters Remaining

Comment

Leagle.com reserves the right to edit or remove comments but is under no obligation to do so, or to explain individual moderation decisions

User Comments

Copyright © 2015, Leagle, Inc.    Disclaimer | Terms of Use | Privacy Statement | About Us | Contact Us



CARLOS CEGLEDI
# 16086-067
ALLENWOOD LOW
SECURITY CORRECTIONAL
INSTITUTION
P.O. BOX 1000
WHITE DEER PA. 17887

CERTIFIED MAIL

7009 3410 0001 4925

⇔16086-0
Uni
601
Cou
Phi
Uni



d States
Market ST
of Appeals 3D.Cir.
delphia, PA 19106-1790
d States

